IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAMELA REEVES BRUSTROM                                          PLAINTIFF

v.                               CIVIL NO. 10-5187

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now before the Court Plaintiff's request for leave to proceed *in forma pauperis* ("IFP"). Plaintiff's Complaint was provisionally filed as of October 5, 2010. (Doc. 1).

Plaintiff's IFP application reveals that she is married and has one minor child. (Doc. 3, Attachment 1). Although she has no employment or income of her own, Plaintiff's household income is derived from her husband's disability check of $1,750.00 per month and her son's social security check of $980.00 per month. Thus, Plaintiff's monthly household income is $2,730.00. Plaintiff's monthly household expenses total $1,417. This leaves excess income in the amount of $1,313.00 per month.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. In re Williamson, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting Souder v. McGuire, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. Williamson, 786 F.2d at 1338. In making an IFP determination, it is proper to consider whether the party claiming indigent status receives

financial support from his or her family. Helland v. St. Mary's Duluth Clinic Health System, 2010 WL 502781, *1 (D.Minn. 2010). Here, Plaintiff is by no means destitute.

After paying the monthly household expenses, Plaintiff's household has $1,313.00 in excess funds. Plaintiff indicates that she has no cash or money in a checking or savings account. Plaintiff also indicates that she does not own any automobile, real estate, stock, bond, security, trust, jewelry, art work or other financial instrument of value. However, this information is not consistent with the information that Plaintiff's household is making two automobile payments in the amount of $529.00 per month. While the Court acknowledges that the household income derives from payments made to Plaintiff's husband and child, Plaintiff has offered no reasons why she would be unable to pay for the filing of her Complaint with part of the $1313.00 in excess monthly funds. See Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at *3 (N.D. Ind. August 18, 1993)("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915."). For these reasons, we find that a waiver of the filing fee in this case would be inappropriate.

Accordingly, the undersigned recommends that Plaintiff's motion for leave to proceed IFP be DENIED and that Plaintiff tender the filing fee of $350 on or before October 25, 2010. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

AO72A
(Rev. 8/82)

**district court.**

DATED this 8th day of October 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**